PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY L. PUGH, | ) | |
| | ) | CASE NO. 4:15CV2532 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GLORIA M. ESPANOL, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* Plaintiff Terry L. Pugh has filed this *in forma pauperis* action against his ex-wife, Gloria M. Espanol. He alleges that he and Defendant, who is now a Nevada resident, were divorced in 2006, and that since their divorce, Espanol has refused to allow him the visitation to which he is entitled with their daughter, T.P.[1] Plaintiff alleges he has traveled to Las Vegas seven times since 2006, but Defendant has only allowed him to see his daughter for a total of thirteen hours and has stated she will never allow their daughter to visit him in Ohio. Plaintiff alleges he has not obtained a "fair outcome" in connection with a complaint he filed in "family court" and that the "only option[] that remain[s] is federal court since [his] [ex-wife] relocated to Nevada." Complaint (ECF No. 1). He seeks custodial visitation and cessation of child support.

The Court must dismiss the above-entitled action. The Sixth Circuit has made clear that "federal courts will not entertain matters involving domestic relations even though diversity of citizenship exists." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1213 (6th Cir. 1981). The reason for this rule is that domestic relations and child custody cases involve local problems which are

---

[1] Local Rule 8.1(a) requires that the parties refrain from including, or partially redact, certain personal identifiers including names of minor children. Given the language of the rule, only the initials of the daughter of the parties is used herein.

(4:15CV2532)

"peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts." *Id.* at 1215 (quoting *Buechold v. Ortiz*, 401 F.2d 371, 373 (9th Cir. 1968)). It is clear from the Complaint (ECF No. 1) that Plaintiff is asking the Court to make a determination of custody and child support. The Court lacks jurisdiction to grant this type of relief.

Furthermore, Plaintiff suggests in his pleading that a domestic relations case remains pending in state court. Although Plaintiff asserts he has not been able to obtain a "fair outcome" in state court, Plaintiff does not set forth facts reasonably suggesting that the state court has refused to provide him with an adequate opportunity to raise the concerns he alleges here regarding visitation and child support. Accordingly, even if this Court otherwise had jurisdiction over the claims Plaintiff alleges, the Court would abstain from interfering with a pending state domestic relations matter. *See, e.g.*, *Pinkney v. State of Ohio*, Case No. 1:05CV1069, 2005 WL 1491228 (N.D. Ohio June 23, 2005) (Boyko, J.) (dismissing *pro se* action asking federal court to make determination of child custody and intervene in a state juvenile case).

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted. For the reasons stated above, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

 December 23, 2015             */s/ Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                            United States District Judge